**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CATHERINE HEAGY,** *et al.***,** | |
| **Plaintiffs,** | |
| **v.** | **CIVIL ACTION NO. 20-2447** |
| **BURLINGTON STORES, INC.,** *et al.***,** | |
| **Defendants.** | |

**<u>MEMORANDUM OPINION</u>**

**Rufe, J.**                                                                                    **November 17, 2021**

Defendants Burlington Stores, Inc. and Burlington Coat Factory Warehouse Corporation ("Burlington") filed a Motion for a Protective Order while Plaintiffs seek an order compelling Burlington to respond to various written discovery requests and to dictate certain conduct concerning depositions.

**I.    BACKGROUND**

Plaintiffs allege that Catherine Heagy suffered serious injuries when she slipped and fell in a Burlington Coat Factory store in Springfield, Pennsylvania after stepping from a wet mat onto a tile floor on or about August 1, 2019.[1] Plaintiffs also allege that a Burlington district manager nearly fell on that same mat earlier that morning.[2] After the district manager's near fall, Burlington allegedly alerted an employee of Kellermeyer Bergensons Services, LLC ("Kellermeyer") to address the problem.[3] Plaintiffs assert that Kellermeyer employees were in

---

[1] Pls.' Third Am. Compl. [Doc. No. 43] ¶¶ 26, 28.

[2] Pls.' Third Am. Compl. [Doc. No. 43] ¶ 29.

[3] Pls.' Third Am. Compl. [Doc. No. 43] ¶ 29.

the store before it opened "to deep clean the floors."[4] Although the Kellermeyer employee

allegedly believed that the mat was dry, the mat was wet when the store opened.[5] Plaintiffs allege

that the actions of Burlington, Kellermeyer, and janitorial subcontractors Kim Gray and Sanford

Gray (doing business as "Gray & Gray," and together the "Gray Defendants")[6] were negligent

and seek compensatory, punitive, and delay damages.[7]

The instant motions represent the latest disputes in a protracted discovery process.

Plaintiffs originally filed suit in Philadelphia Common Pleas Court on May 4, 2020, and

Burlington removed the case to federal court.[8] The original deadline for fact discovery was

November 1, 2020, which was later extended to April 1, 2021.[9] The Gray Defendants thereafter

requested an extension of the deadline for fact discovery to June 30, 2021, which the Court

granted.[10] The Court then approved a joint stipulation to extend fact discovery to September 28,

2021.[11] Due to multiple outstanding discovery disputes, the Court subsequently ordered the

parties to file motions to compel and motions for protective orders to resolve any remaining

issues before determining whether to permit additional time for discovery.[12] The Order expressly

reminded the parties that the attorneys "must *exhaustively* address all discovery disputes with

---

[4] Pls.' Third Am. Compl. [Doc. No. 43] ¶ 29.

[5] Pls.' Third Am. Compl. [Doc. No. 43] ¶ 29.

[6] Pls.' Third Am. Compl. [Doc. No. 43] ¶¶ 6–8, 15. Kellermeyer allegedly subcontracted with Gray & Gray to provide janitorial services to Burlington's Springfield store.

[7] *See generally* Pls.' Third Am. Compl. [Doc. No. 43] ¶ 30–69.

[8] Not. Removal [Doc. No. 1].

[9] Scheduling Order [Doc. No. 11]; Order Oct. 23, 2020 [Doc. No. 38].

[10] Order Feb. 25, 2021 [Doc. No. 56].

[11] Stip. Modify Scheduling Order Extend Deadlines [Doc. No. 61].

[12] Order Sept. 7, 2021 [Doc. No. 63].

opposing counsel" before seeking Court assistance and of the Court's expectation that the parties would "work in good faith to resolve as many of the outstanding issues as possible before filing formal motions."[13] Burlington filed its Motion for a Protective Order a week later, and Plaintiffs filed their Motion to Compel shortly thereafter.[14] The discovery disputes addressed herein are solely between Plaintiffs and the Burlington Defendants.

## II.    MOTION FOR A PROTECTIVE ORDER

Burlington's Motion for a Protective Order asks the Court to 1) prevent Plaintiffs from propounding further written discovery, 2) bar Plaintiffs from deposing any individuals other than those listed in the motion, 3) order all future depositions to take place over Zoom, and 4) quash Plaintiffs' Rule 30(b)(6) Notice of Deposition.

### A.  Legal Standard

Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[15] The moving party "must show good cause by demonstrating a particular need for protection," and it is insufficient to make "[b]road allegations of harm, unsubstantiated by specific examples" to prevent disclosure.[16] The Court must "weigh[] the requesting party's

---

[13] Order Sept. 7, 2021 [Doc. No. 63].

[14] Defs.' Mot. Protective Order [Doc. No. 64]; Pls.' Mot. Compel [Doc. No. 66].

[15] Fed. R. Civ. P. 26(c)(1). Rule 26 empowers the Court to "limit the frequency or extent of discovery" when "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Rule 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

[16] *Cipollone v. Liggett Grp, Inc.*, 785 F.2d 1108, 1121 (3d Cir 1986).

need for information against the injury that might result if disclosure is compelled."[17] When assessing the proportionality of discovery requests, the Court will consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[18]

### B. Discussion

#### 1. Request to Prevent Plaintiffs from Propounding Further Written Discovery

Burlington first argues that the Court should prevent Plaintiffs from serving additional written discovery because Burlington has responded to "numerous discovery requests" pursuant to Rules 33 and 34 of Federal Civil Procedure.[19] Plaintiffs contend that prohibiting additional discovery would hinder their ability to prove their case.[20] Given that Plaintiffs bear the burden of proof regarding their negligence claim, Burlington has failed to demonstrate good cause for curtailing written discovery. Burlington's request to bar Plaintiffs from propounding further written discovery will be denied without prejudice.

#### 2. Request to Bar Plaintiffs from Conducting Additional Depositions

Burlington asks this Court to bar Plaintiffs from deposing anyone other than Jeanine Norkaitis, Juliet Lynaugh, Nicole Pagan, and Ke'Andre Clay, all of whom are former or current

---

[17] *Penn Eng'g & Mfg. Corp. v. Peninsula Components, Inc.*, No. 19-513, 2021 WL 4037857, at *2 (E.D. Pa. Sept. 3, 2021) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786–87 (3d Cir. 1994)).

[18] Fed. R. Civ. Pro. 26(b)(1); *see Penn Eng'g & Mfg. Corp..*, 2021 WL 4037857, at *2 (citations omitted).

[19] Defs.' Mot. Protective Order [Doc. No. 64] at 6; Defs.' Mem. L. Supp. Mot. Protective Order [Doc. No. 64-1] at 5–6.

[20] Pls.' Mem. L. Opp. Mot. Protective Order [Doc. No. 67-1] at 12.

Burlington employees.[21] Burlington contends that these individuals include the former manager of the store where Plaintiff fell, the person who created the video of Plaintiff's fall, the store's former safety manager, and a former employee who appears in the video footage of Plaintiff's fall.[22] Plaintiffs have already deposed Jason Curnow, the regional loss prevention manager who almost fell on the wet mat before Plaintiff's slip and fall.[23] Yet Plaintiffs contend that additional depositions may be required.[24] In recognition of Plaintiffs' burden of proof as well as the potential for information gleaned through depositions and outstanding discovery requests to necessitate additional depositions, Burlington has failed to demonstrate good cause to warrant such a limitation. However, the Court notes that the individuals named in Burlington's motion could likely provide much, if not all, of the information Plaintiffs seek. Accordingly, this request will be denied without prejudice.

   3.   *Request to Order Future Depositions to Proceed via Zoom*

Burlington next asks the Court to order all future depositions in this case to proceed via Zoom due to the ongoing COVID-19 pandemic.[25] In response, Plaintiffs express concerns about communication challenges that Zoom presents, and offer space for in-person depositions to occur in compliance with CDC guidelines.[26] As Burlington correctly notes, Zoom depositions have become commonplace since the beginning of the pandemic.[27] The comfort of the deponent shall

---

[21] Defs.' Mot. Protective Order [Doc. No. 64] at 6.

[22] Defs.' Mem. L. Supp. Mot. Protective Order [Doc. No. 64-1] at 6–7.

[23] Defs.' Mem. L. Supp. Mot. Protective Order [Doc. No. 64-1] at 6.

[24] Pls.' Resp. Mot. Protective Order [Doc. No. 67] ¶ 24.

[25] Defs.' Mot. Protective Order [Doc. No. 64] at 7.

[26] Pls.' Resp. Mot. Protective Order [Doc. No. 67] ¶ 20.

[27] Defs.' Reply Mem Supp. Mot. Protective Order [Doc. No. 69] at 9.

dictate whether depositions occur in person or proceed via Zoom as well as the location of the deposition should a deponent choose to appear in person. Accordingly, the Court orders the parties to ask each deponent about their preferences and make appropriate arrangements to accommodate each deponent's wishes. Burlington's request for this Court to order all future depositions to take place via Zoom is denied.

    *4.  Request to Quash Plaintiffs' Rule 30(b)(6) Notice of Deposition*

Lastly, Burlington asks the Court to quash Plaintiffs' Rule 30(b)(6) Notice of Deposition directed to a Burlington designee.[28] Burlington challenges the Rule 30(b)(6) Notice as unduly burdensome and overly broad. Plaintiff seeks a witness or witnesses to testify as to slip-and-falls at each of Burlington's 880 plus stores within the past eight years, the maintenance of Burlington's video system, and personal information about employees who worked in the store at the time of the fall.[29] Plaintiffs argue that the information sought through the deposition and related document requests is relevant to their claim that Burlington failed to comply with various safety standards.[30]

Burlington has demonstrated good cause for quashing the notice as it is overly broad. Burlington acknowledges that the store manager, Jeanine Norkaitis, and by extension, Burlington, had actual notice of the wet mat. Plaintiffs seek information regarding all Burlington stores despite the fact that this case concerns one incident at Burlington's Springfield store.[31]

---

[28] Defs.' Mot. Protective Order [Doc. No. 64] at 7.

[29] Defs.' Reply Mem Supp. Mot. Protective Order [Doc. No. 69] at 1, 4–7.

[30] Pls.' Mem. L. Opp. Mot. Protective Order [Doc. No. 67-1] at 8.

[31] Defs.' Reply Mem. Supp. Mot. Protective Order [Doc. No. 69] at 5. Burlington's Answer to Plaintiffs' Third Amended Complaint indicates that Burlington does not even utilize the same subcontractor for cleaning services at all of its stores nationwide. Defs.' Answer Third Am. Compl. [Doc. No. 47] at Ex. A.

Further, the notice includes seventeen areas of inquiry concerning Burlington's video maintenance system even though Plaintiffs may depose Ke'Andre Clay, the employee who allegedly preserved the video of Plaintiff's fall.[32] Likewise, Burlington has articulated that Plaintiffs' request for personal information concerning every person who was working in the store when Plaintiff fell is unnecessary under the circumstances.[33] The motion to quash will be granted without prejudice to a narrowly-tailored request by Plaintiffs.

### III.   MOTION TO COMPEL

Plaintiffs ask the Court to compel Burlington 1) to produce summary and statistics regarding slip-and-fall incidents at all Burlington stores and at the specific store where Plaintiff fell, 2) to produce tile floor risk assessments, inspection reports, and insurance surveys, 3) to produce written job descriptions for employees working in the store when Plaintiff fell, 4) to produce Nicole Pagan's contact information, 5) to refrain from offering to represent former employees in depositions, 6) to compel Jason Curnow to answer a question posed at his deposition and to refrain from instructing deponents not to answer questions at depositions.

### A.  Legal Standard

Pursuant to Rule 37, a party may file a motion to compel when "a party receives evasive or incomplete answers to a discovery request."[34] A party can obtain "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[35]

---

[32] Defs.' Reply Mem. Supp. Mot. Protective Order [Doc. No. 69] at 6, 10.

[33] Defs.' Reply Mem. Supp. Mot. Protective Order [Doc. No. 69] at 6–7.

[34] *MDAdvantage Ins. Co. of N.J. v. Hasiuk*, No. 16-969, 2018 WL 3328049 at * 1 (E.D. Pa. July 6, 2018) (quoting *In re Auto. Refinishing Paint Antitrust Litig.*, MDL No. 1426, 2006 WL 1479819 at *2 (E.D. Pa. May 26, 2006)).

[35] Fed. R. Civ. P. 26(b)(1).

Although relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case[,]" the scope of discovery can be limited.[36] The non-moving party "'must show specifically' how the information requested 'is not relevant or how each question is overly broad, burdensome or oppressive.'"[37]

## B. Discussion

### 1. Request to Compel Production of Slip and Fall Summary and Statistics

Plaintiffs request that the Court compel Burlington to produce all slip and fall statistics for Burlington stores nationwide as well as the store where Plaintiff fell.[38] Burlington argues that statistics regarding slip and fall incidents at all Burlington stores over an eight-year period are irrelevant to Plaintiffs' claims, which solely concern Plaintiff's slip and fall at one store.[39] Although Plaintiffs contend that these statistics are relevant to the issue of Defendants' duty to protect Plaintiff, Burlington has demonstrated that gathering this information would be unduly burdensome, and that this information is irrelevant because Burlington has conceded actual notice of the wet mat.[40] Moreover, Burlington admits that it "unquestionably had a duty to its business invitees to correct known dangerous or hazardous conditions, and to take reasonable

---

[36] *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978); *see also Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999) (noting that "[a]lthough the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed.").

[37] *In re Auto. Refinishing Paint Antitrust Litig.*, 2006 WL 1479819 at *2 (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)).

[38] Pls.' Mot. Compel [Doc. No. 66] at 2–3.

[39] Defs.' Mem. L. Opp. Pls.' Mot. Compel [Doc. No. 68-1] at 5–7.

[40] Mem. L. Supp. Pls.' Mot. Compel [Doc. No. 66-1] at 7–8; Defs.' Mem. L. Opp. Pls.' Mot. Compel [Doc. No. 68-1] at 6–7.

measures to discover them."[41] As the request is similarly overly broad and not proportional to the need for discovery in this case as to the Rule 30(6)(b) deposition issue, the Court will deny Plaintiffs' motion without prejudice to narrowly-tailored requests concerning slip and falls at Burlington's Springfield store within a more limited time period.

   2.   *Request to Compel Production of Risk Assessments, Inspection Reports, and Insurance Surveys*

Plaintiffs also seek risk assessments and inspection reports regarding the store's tile floor from August 1, 2016 to the present as well as all insurance surveys for the same period.[42] Plaintiffs assert that this information is relevant to their claims as it relates to the duty and breach elements of negligence.[43] Plaintiffs argue that this information is needed to show whether Burlington complied with OSHA, ADA, and ANSI and other retail industry standards. If Burlington willfully ignored these standards, Plaintiffs allege that this information would be relevant to Plaintiffs' punitive damages claim.[44] As discussed above, Burlington has conceded that it had notice of the wet mat and acknowledges that it had a duty toward Plaintiff as a business invitee. Accordingly, the Court will consider whether the evidence is relevant to the punitive damages claim.

A plaintiff may seek discovery concerning punitive damages without proving entitlement to such damages.[45] Punitive damages are "awarded only when the plaintiff has established that

---

[41] Defs.' Mem. L. Opp. Pls.' Mot. Compel [Doc. No. 68-1] at 8.

[42] Pls.' Mot. Compel [Doc. No. 66] at 6.

[43] Pls.' Mem. L. Supp. Mot. Compel [Doc. No. 66-1] at 7–9.

[44] Pls.' Mem. L. Supp. Mot. Compel [Doc. No. 66-1] at 9.

[45] *See Wolfgang v. Channell*, No. 12-1218, 2013 WL 2278091, at *4 (M.D. Pa. 2013) (permitting plaintiff to seek "reports of accidents involving [defendant's] tow trucks [that might] indicate a pattern of [defendant] habitually ignoring safety standards mandated by the Code of Federal Regulations."); *see also Caruso v. Coleman Co.*, 157

the defendant has acted in an outrageous fashion due to either 'the defendant's evil motive or his reckless indifference to the rights of others.'"[46] Since Plaintiffs' Third Amended Complaint alleges that Burlington acted recklessly by willfully ignoring safety standards, discovery of information concerning slip resistant testing and insurance surveys may be relevant to Plaintiffs' claim. Additionally, as this request is limited to the specific Burlington store where Plaintiff fell and covers a five-year period, it is not unduly burdensome. Plaintiffs' request to compel disclosure of this information will be granted.

3. *Request to Compel Production of Employees' Written Job Descriptions*

Plaintiffs also ask this Court to compel Burlington to produce written job descriptions for employees who worked in the store where Plaintiff fell between September 1, 2019 and September 20, 2019.[47] Plaintiffs contend that this information is required so that Plaintiffs can determine each employee's responsibilities.[48] Plaintiffs have not, however, shown how this is relevant; as repeatedly noted, discovery has already shown that the Burlington store's general

---

F.R.D. 344, 348–49 (E.D. Pa. 1994) (allowing plaintiff to seek discovery regarding defendant's financial information to support punitive damages claim); *Grosek v. Panther Transp., Inc.*, 251 F.R.D. 162, 165–66 (M.D. Pa. 2008) (same).

[46] *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005) (quoting *Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1096 (Pa. 1985), *rev'd on other grounds sub nom., Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800 (1989)). Accordingly, "a showing of mere negligence, or even gross negligence, will not suffice to establish that punitive damages should be imposed." *Id*. Since the motivation behind the imposition of punitive damages is to discourage similar conduct and to punish the defendant, "[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious." *Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005) (quotations omitted). Recklessness denotes "conduct [that] creates an unreasonable risk of physical harm to another and such risk is substantially greater than that which is necessary to make his conduct negligent." *Phillips*, 883 A.2d at 445 (quoting *Hutchison*, 870 A.2d at 771) (annotations omitted).

[47] Pls.' Mot. Compel [Doc. No. 66] at 9.

[48] Pls.' Mem. L. Supp. Mot. Compel [Doc. No. 66-1] at 11.

manager had actual notice of the wet mat.[49] Plaintiffs have demonstrated no need for this information and the request will be denied with prejudice.

### 4. Request to Compel Burlington to Produce Nicole Pagan's Contact Information

Plaintiffs' request to compel Burlington to produce Nicole Pagan's contact information is dismissed as moot, as Burlington represents that it has provided the information to Plaintiffs.[50]

### 5. Request to Prevent Burlington from Offering to Represent Former Employees in Depositions

Plaintiffs next argue that Burlington should not be allowed to represent former employees during depositions if the former employees appear after being subpoenaed.[51] Under Rule 1.7 of the Pennsylvania Rules of Professional Conduct, a concurrent conflict of interest exists when "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client."[52] If there is a concurrent conflict of interest, a lawyer can only represent both clients if the representation meets the criteria in Rule 1.7(b), which includes obtaining informed consent from both clients.[53] When a third party pays a client's fee, an attorney must "determine[] that there will be no interference with the lawyer's independent professional judgment and [ensure that] there is informed consent from the client.[54]

---

[49] Defs.' Mem. L. Opp. Pls.' Mot. Compel [Doc. No. 68-1] at 9–10.

[50] Defs.' Answer Pls.' Mot. Compel [Doc. No. 68] ¶ 28.

[51] Pls.' Mem. L. Supp. Mot. Compel [Doc. No. 66-1] at 13.

[52] Pa. R. Pro. Conduct 1.7(a)(2).

[53] Pa. R. Pro. Conduct 1.7(b).

[54] Pa. R. Pro. Conduct 1.8 cmt. 11. Additionally, Rule 7.3 prohibits in-person, telephone, or real-time electronic solicitation for legal services "when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain." Pa. R. Pro. Conduct 7.3(a).

11

Burlington's attorney may represent former employees as long as counsel complies with the Pennsylvania Rules of Professional Conduct. Accordingly, the Court will deny this request with prejudice. However, Plaintiffs may question deponents about whether Burlington's counsel obtained their informed consent prior to representing them.[55]

   6.   *Request to Compel Jason Curnow to Answer Question Posed at His Deposition*

Plaintiffs ask this Court to compel Jason Curnow, the Burlington District Asset Protection Manager who almost slipped on the wet mat before Plaintiff's fall, to answer the question, "When someone breaks the safety rules, are they responsible for all of the damages that causes someone else?"[56] At Curnow's deposition, Burlington's counsel instructed Curnow not to answer this question because it requires a legal conclusion about the ultimate issue in this case. Plaintiffs contend that Burlington did not direct the deponent not to answer for a reason outlined in Rule 30(c)(2) or Rule 30(d)(3)[57] and claim that the question is permissible under Rule 26(b)(1). The Court disagrees.

Rule 30(c)(2) indicates that the sole grounds for such instructions are to "preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."[58] The Court will not approve a more expansive approach than that set forth in the Rules of Civil Procedure, and the Court agrees that Burlington's counsel improperly instructed

---

[55] *See Newsuan v. Republic Servs., Inc.*, 213 A.3d 279, 282–83 (Pa. Super. Ct. 2019).

[56] Pls.' Mem. L. Supp. Mot. Compel [Doc. No. 66-1] at 15–16.

[57] Plaintiffs' motion refers to Rule 30(d)(1) as offering the only grounds for directing a deponent not to answer a question. Pls.' Mem. L. Supp. Mot. Compel [Doc. No. 66-1] at 14–15. The quote in Plaintiffs' motion is drawn from Rule 30(d)(3), and Rule 30(c)(2) offers the three recognized grounds for directing a deponent not to answer a question. Accordingly, the Court refers to Rule 30(d)(3) and 30(c)(2) instead of Rule 30(d)(1).

[58] Fed. R. Civ. P. 30(c)(2).

Curnow not to answer this question.[59] However, Plaintiffs asked Curnow to draw a legal conclusion regarding an issue at the heart of this litigation.[60] As Curnow is a fact witness who cannot draw such a conclusion, his opinion on this matter is not relevant. Accordingly, Plaintiffs' request to compel Curnow to answer this question will be denied with prejudice.

## IV. CONCLUSION

For the reasons discussed herein, Burlington's Motion for a Protective Order and Plaintiff's Motion to Compel will each be denied in part and granted in part. An appropriate order will be entered.

---

[59] *See Williams v. Benshetrit*, No. 19-797, 2020 WL 3315982, at *3–*4 (E.D. Pa. June 18, 2020); *see also Ndubizu v. Drexel Univ.*, No. 07–3068, 2009 WL 10685092, at *1 (E.D. Pa. Dec. 29, 2009) (limiting grounds for instructing a deponent not to answer to those outlined in Rule 30). Plaintiffs also seek to prevent Burlington's counsel from instructing deponents not to answer questions for reasons beyond those outlined in Rule 30(c)(2) or 30(d)(3). Pls.' Mem. L. Supp. Mot. Compel [Doc. No. 66-1] at 14–16. The Court declines to address this request to avoid issuing an advisory opinion. Should this problem arise as litigation proceeds, it may be addressed at that time.

[60] Defs.' Mem. L. Opp. Pls.' Mot. Compel [Doc. No. 68-1] at 13.